## Riehm v. Louis P. Hyman & Company.

(Decided December 10, 1914.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

Mechanics' Liens—Rights of Materialman When Material Furnished to Person Holding Under Executory Contract—Burden of Proof.—Section 2464 of the Kentucky Statutes provides that if the owner to whom material is furnished claims under an executory contract and this contract is rescinded or set aside, the mechanic's lien shall follow the property into the hands of any person to whom it may come, but the lien shall be only to the extent that the actual value of the property has been enhanced by the improvement. Therefore when material or labor has been furnished to a person holding under an executory contract that has been rescinded or set aside, it is essential, in a suit to enforce the lien, that there should be both pleading and proof on the part of the plaintiff of the extent to which the value of the property has been enhanced by the improvement. And if an issue is tendered upon this point by the defendant, the burden is upon the person asserting the lien to show the extent to which the actual value of the property has been enhanced.

MORTON V. JOYES for appellant.

JACOB SOLINGER for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

On the record as it now stands we accept, although not without some doubt, the finding of the chancellor that the Allied Baptist Compound Society took possession of the building owned by the appellant on October 1, 1909,

under an executory contract of purchase. Assuming, then, that this society was occupying, as such purchaser, the building in October and November, 1909, when the building material was furnished by the appellee company, the only question we will consider is the correctness of the judgment against appellant for the value of this material.

In the petition filed in June, 1910, by the appellee company, it was averred that it sold and delivered plumbing material and supplies to the society and Passig, a contractor, between October 7, 1909, and December 11, 1909, and, in proper time and manner, its mechanic's lien was perfected, and it sought to be adjudged a lien upon the property for the value of the plumbing material so furnished to the contractor and to the society, which it alleged was then the owner and in the possession of the property under an executory contract of purchase.

The appellant, for his answer, traversed the petition, and particularly denied that the society was the owner of the property under an executory contract of purchase at the time the material was furnished, and averred that it was occupying the premises as his tenant and not as owner or under an executory contract of purchase.

To this answer a reply was filed, and with the pleadings in this condition, depositions were taken, and, after the case was submitted, the chancellor handed down an opinion holding that the society, at the time the material was furnished, was occupying the property under a contract for its purchase; and further that the value of the property was enhanced by the installation of the plumbing, at least to the amount of the claim, and adjudged that the appellee was entitled to a lien upon the property for the value of the material furnished, and directed that a judgment might be prepared in accordance with this opinion.

This opinion was handed down by the chancellor in June, 1912, but it appears that no judgment was entered in accordance with the opinion, nor were any other steps taken in the action, until September, 1913, when the appellee filed an amended petition averring that since the filing of the original petition the appellant had executed a bond pursuant to Section 2478 of the Kentucky Statutes, providing that:

"The owner or claimant of property against which a lien has been asserted may, at any time before a judgment is rendered enforcing the lien, execute before the clerk

of the county court in which the lien was filed a bond for double the amount of the lien claimed, with good sureties, to be approved by the clerk, conditioned that the obligors will satisfy any judgment that may be rendered in favor of the person asserting the lien. The bond shall be carefully preserved by the clerk, and, upon its execution, the lien upon the property shall be discharged, and the person asserting the lien may make the obligors in the bond parties to any action to enforce his claim, and any judgment recovered may be against all or any of the obligors in said bond.''

It was further averred in the amended petition that, by reason of the execution of this bond, the mechanic's lien on the property had been discharged, and the appellee sought to recover on the bond the amount sued for.

When this amended petition was filed, the appellant filed an answer thereto, in which he averred, after admitting the execution of the bond, that the materials furnished by the plaintiff to the defendant, Allied Baptist Compound Society, were installed in rooms on the premises where they were inappropriate and were of no use or value to the property or to any person occupying the same, and the installation of the materials and supplies did not enhance the value of the property, but, on the contrary, damaged the same.

To this answer the appellee company filed a reply, in which it denied that the plumbing material installed on the premises was of no value to the property or was installed in rooms where it was inappropriate or of no use or value to the property; and further denied that it did not enhance the value of the property.

Some little time after these pleadings were filed the appellee company withdrew its reply, and, on its motion, the answer of the appellant to the amended petition was stricken from the record, and thereupon a judgment was entered against the appellant on the bond for the amount of the claim sued for, and it is from this judgment that this appeal is prosecuted.

Section 2464 of the Kentucky Statutes provides that ''If the owner claims by executory contract, and if, for any cause, such contract shall be rescinded or set aside, the lien aforesaid shall follow the property into the hands of the person to whom the same may come, or with whom it may remain by reason of such rescission, to the extent only that the actual value of the property

may be enhanced by the improvements so placed upon it.''

Conceding that the Allied Society at the time this material was furnished was holding and claiming the property under an executory contract of purchase, it is admitted that subsequent to the time the material was furnished this contract was rescinded and the title to and possession of the property returned to the appellant. Therefore, under Section 2464 of the Statute, the lien of appellee followed the property when it came into the possession of appellant and he became bound to the lien-holder, not for the value of the material furnished, or for the amount of the contract price, but only in such a sum as the actual value of the property was enhanced by the material placed in or upon it.

In other words, under this statute, the person who furnishes material or performs labor on property owned and held under an executory contract of purchase and by contract with the person so owning and holding it, has a lien on the property, although the contract of purchase may be rescinded or set aside. But, when the contract is rescinded or set aside, he has a lien only to the extent that the actual value of the property has been enhanced by the material or labor furnished.

Under this statute, when the materialman or laborer undertakes to enforce his lien for material or labor furnished to a person holding the property under an executory contract, which is subsequently set aside or rescinded, it is essential that he should aver that the material or labor enhanced the actual value of the property in the amount of his lien, and, if an issue is tendered upon this point by the defendant, the burden is upon the person asserting the lien to show the extent to which the actual value of the property has been enhanced.

In this case, however, it seems that the appellee company, although seeking to enforce a lien upon property held, as it averred, under an executory contract that had been set aside and rescinded, did not either plead or prove that the value of the property was enhanced by the improvements. An issue upon this feature of the case was first tendered by the appellant in the amended or supplemental answer that was stricken from the record.

But, notwithstanding the absence of both pleading and proof showing that the value of the property had

been at all enhanced by the material furnished, the chancellor gave judgment for the full amount of the claim.

We think this was error. On the pleadings judgment should have gone for appellant in place of appellee.

On a return of the case, however, the parties should be allowed to form an issue concerning the extent to which the value of the property had been enhanced by the improvements and take such proof as they desire on this issue. The parties, if they desire, may also take other evidence on the subject of the ownership of the property at the time the improvements were made, and, if other evidence is heard on this issue, it should be determined according to the right of the case as it may appear from the evidence.

Wherefore, the judgment is reversed, with directions to set aside the judgment and proceed in conformity with this opinion.